# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRENT J. JOHNS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-cv-415-AGF |
| ) | |
| CORRECTIONS MEDICINE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Brent J. Johns, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $7.96. In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $32.59, and an average monthly balance of $39.80.[1] The Court will therefore assess an initial partial filing fee of $7.96, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

---

[1] Plaintiff has filed two account statements in this matter. However, only the first, filed on March 14, 2018, details his inmate account for the six-month period immediately preceding the filing of the complaint. Therefore, it is this account statement that the Court reviewed when considering the instant motion, and when calculating the initial partial filing fee.

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed this action on March 14, 2018 against defendants Corrections Medicine, "St. Louis County Jail Administration," Unknown Dentist, Unknown Nursing Staff, Herbert Bernsen, and Kenneth Reed. At the time plaintiff filed the complaint, he was a detainee at the St. Louis County Jail. However, at present, he is an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). He states he sues the defendants in an official and individual capacity.

Plaintiff states he has been detained since March 3, 2017, and has been denied dental care by "Corrections Medicine Staff" despite three dental sick call requests being turned in to the "morning nurses." (Docket No. 1 at 5). Plaintiff filed two grievances, gave them to "jail staff," and requested copies. *Id.* However, plaintiff "[has] yet to receive copies, responses or dental care due to obvious deliberate indifference by both Jail Administration and (unknown names) and Corrections Medicine staff I was caused both serious physical injury and harm to mental

3

health." *Id.* Plaintiff also states he was "shown a deliberate indifference" by "Medical Staff causing further serious physical pain, mental and emotional anguish." *Id.* at 6. Plaintiff states that "Corrections Medicine Staff, Corrections Medicine Dentist and St. Louis County Department of Justice administration" violated his rights. *Id.* He states "the deliberate indifference by Jail Admin by the failure to respond and failure to act or intervene by St. Louis Co. Dept. of Justice services to alert Corrections Medicine staff of my grievances resulted in serious physical injury and mental and emotional anguish" in violation of his constitutional rights. *Id.* at 6. He states that "Jail administration failed to train its officer that showed deliberate indifference to my grievances for not getting dental work," in violation of his constitutional rights. *Id.* As relief, plaintiff states that he wants unspecified dental work done, a letter of apology, and actual and punitive damages.

## Discussion

The complaint will be dismissed, without prejudice. Plaintiff fails to state a claim for relief against Herbert Bernsen and Kenneth Reed because he merely lists their names as defendants without alleging they engaged in any specific act or conduct. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them). Any attempt by plaintiff to rely upon Bernsen and/or Reed's supervisory status is unavailing, as

4

the theory of *respondeat superior* is inapplicable in § 1983 actions. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

Plaintiff has also named an indeterminate number of fictitious defendants. He refers to the fictitious defendants as "St. Louis County Jail Administration,"[2] "Unknown Dentist," "Unknown Nursing Staff," and "morning nurses." Generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit his or her identity to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Here, plaintiff's allegations against the fictitious defendants are not sufficiently specific to permit them to be identified after reasonable discovery. While plaintiff alleges he turned in three dental sick call requests to an indeterminate number of morning nurses, he provides no information concerning when he did so, other than to state he has been detained since March 3, 2017. Additionally, all of the fictitious defendants are not only unidentified, they are indeterminate in number. This is impermissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Plaintiff has also named Corrections Medicine as a defendant. Corrections Medicine is a program within the Health Services Division of the Saint Louis County Department of Public Health. As such, it is not entity that is subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). In addition, the complaint fails to state a claim against St. Louis County because it contains no allegations that an unconstitutional policy or custom was

---

[2] "St. Louis County Jail Administration" does not appear to be an actual entity subject to suit, but instead appears to be plaintiff's way of referring collectively to an indeterminate number of people who are members of the jail's administrative staff.

responsible for plaintiff's injuries. *See Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978).

Finally, the allegations in the complaint fail to state a claim of constitutional dimension. Plaintiff can be understood to claim he was denied adequate dental care. Because plaintiff was a pretrial detainee at the time in question, his claims of inadequate dental care are analyzed under the Fourteenth Amendment rather than the Eighth Amendment. *Stickley v. Byrd,* 703 F.3d 421, 423 (8th Cir. 2013). However, because the Fourteenth Amendment gives pretrial detainees "at least as great protection" as the Eighth Amendment gives convicts, courts apply the identical standard as that applied to the Eighth Amendment claims of convicts. *Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005) (quoting *Owens v. Scott County* Jail, 328 F.3d 1026, 1027 (8th Cir. 2003)).

To establish that a denial of medical care rises to the level of an Eighth Amendment violation, plaintiff must plead facts showing that the defendant acted with deliberate indifference. *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). The test for deliberate indifference consists of two prongs. *Id.* First, the plaintiff must show that he suffered from an objectively "serious medical need." *Id.* A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (internal citation omitted). Second, the plaintiff must show that the defendant actually knew of, and yet deliberately disregarded, that need. *Schaub*, 638 F.3d at 914. Deliberate disregard is a mental state "equivalent to criminal-law recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposely causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Id.* at 914–15 (quoting *Farmer v. Brennan*, 511

6

U.S. 825, 835, 839–40 (1994)). For purposes of this analysis, the Court will assume that plaintiff suffered from an objectively serious medical need.

Plaintiff alleges that he was denied care by "Corrections Medicine staff" despite "three separate dental sick call requests being turned in to the morning nurses." (Docket No. 1 at 5). Plaintiff cannot be understood to allege that he requested that the morning nurses actually provide the dental care. Instead, plaintiff can be understood to allege that he submitted dental sick call requests to the morning nurses pursuant to a protocol for requesting dental care, but did not receive such care. Plaintiff does not allege that the nurses rejected his dental care requests, refused to communicate them to the appropriate treatment provider, told him he could not have care, or otherwise did or failed to do something that resulted in him not receiving dental care. Additionally, plaintiff sets forth no specific, non-conclusory allegations that "Corrections Medicine staff," or any other fictitious defendant whose identity could be ascertained after reasonable discovery, actually knew of, but deliberately disregarded, a serious medical need. As noted above, a showing of deliberate disregard requires showing a mental state "equivalent to criminal-law recklessness." *Schaub*, 638 F.3d at 914. While plaintiff repeatedly states he was the victim of deliberate indifference, absent an allegation that any defendant actually knew of, but deliberately disregarded, a serious medical need, plaintiff's allegations fail to state a viable deliberate indifference claim. *See id.*

Plaintiff also alleges that his constitutional rights were violated because of the manner in which his grievances were addressed, handled or processed. However, such allegations do not state a claim of constitutional significance. To state a cognizable claim under § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a federally-protected right. *See* 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th

7

Cir. 1996). There is no federally-protected right to a jail grievance procedure, and if a jail elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (prison official's failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate).

Finally, plaintiff seeks injunctive relief, in that he asks this Court to order the defendants to provide him unspecified dental care. However, because plaintiff has been transferred to another facility, his claims for injunctive relief are now moot. *See Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $7.96. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 5) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to file an account statement (Docket No. 6) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of March, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE